UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY SCOTT,
                    Plaintiff,                    Case No. 22-10306

v.                                                Denise Page Hood
                                                  United States District Judge
HENRY FORD HEALTH
SYSTEM, *et al.*,                                 Curtis Ivy, Jr.
                    Defendants.                   United States Magistrate Judge
_____/

## ORDER STAYING CASE FOR 90 DAYS AND DENYING WITHOUT PREJUDICE MOTON TO WITHDRAW (ECF No. 40)

This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 42).  Before the Court is Defendants Corizon Health, Inc., Corizon, LLC, Papendick, Reitsma-Mathias, and Tan's ("Corizon Defendants") motion to withdraw as counsel for the entity and individual defendants and to stay the case for 120 days.  (ECF No. 40).  Michigan Department of Corrections defendants Bernstein, Donnelly, Maier, and Sigler responded indicating concurrence in the motion and asking that the Court stay the case for all parties.  (ECF No. 41).  This motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons below.

As to the request for a 120-day stay, Corizon Defendants explain that on February 16, 2023, Corizon filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086).

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Yet "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Given Corizon's pending bankruptcy proceedings, Corizon Defendants have established good cause for a stay of proceedings. That said, the Court will grant a stay for 90 days. Plaintiff has a right to have his claims heard promptly, and similar cases in this district have been stayed for 90 days. Thus, the motion to stay is **GRANTED IN PART**.

The 90-day stay applies to **all parties**. Applying a stay to only Corizon Defendants could complicate the case with discovery issues and a bifurcated trial.

As to the request to withdraw as counsel for Corizon Defendants, counsel asserts leave to withdraw should be granted because counsel believes there is a conflict of interest in representing the Corizon entities and the Corizon employees considering the bankruptcy. Counsel refers to "the uncertainty of the professional liability coverage itself." (ECF No. 40, PageD.551). Determining whether counsel

2

may withdraw is a matter left to a district court's discretion.  *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009).  When making its determination, a court considers the rules governing attorneys' professional conduct.  *See id*. at 537-538. "There are, of course, several occasions when a district court ought to prohibit counsel from withdrawing."  *Id*. at 538.  For example, "a district court may forbid withdrawal if it would work severe prejudice on the client or third parties." *Id*.

The motion to withdraw is **DENIED WITHOUT PREJUDICE**.  A corporation must have counsel, and granting this motion would leave the Corizon entities unrepresented.  It would also leave the individual defendants, who have operated under the expectation of professional liability coverage, in the lurch. Because there is uncertainty about professional liability coverage and conflicts of interest, a stay of proceedings is the better route.  It will allow Corizon Defendants' counsel time to address the uncertainty.  Counsel will not be prejudiced by remaining in the case during the stay, and may file a new motion to withdraw after the expiration of the 90-day stay.  Thus, the motion to withdraw is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

3

error any defect in this Order to which timely objection was not made.  Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: March 29, 2023                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 29, 2023.


                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850